IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SOVEREIGN BANK,                           :
                                          :
            Plaintiff,                    :
                                          :
      v.                                  :    C.A. No.
                                          :
TERWIN HOLDINGS LLC and                   :
TERWIN EMPLOYEES LLC,                     :
                                          :
            Defendants.                   :

## NOTICE OF REMOVAL

TO:    The United States District Court Clerk
       for the District of Delaware

       Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Terwin Employees LLC

("Terwin Employees") and Terwin Holdings LLC ("Terwin Holdings") hereby remove this case,

instituted by Plaintiff, Sovereign Bank, from the Superior Court of the State Delaware in and for

New Castle County, to this Court, without waiver of any defenses, procedural or substantive, and

without waiver of any counterclaims.   Defendants Terwin Employees and Terwin Holdings

allege the following bases for removal:

       1.     Sovereign Bank commenced this action by filing a Complaint in the Superior

Court of the State of Delaware in and for New Castle County, on January 25, 2008, against

Terwin Holdings and Terwin Employees.   A copy of the Complaint and the ancillary filings are

attached to this Notice of Removal as Exhibit A.

       2.     The Complaint was first received by Terwin Holdings and Terwin Employees via

electronic mail on January 25, 2008.

       3.     In its Complaint, Sovereign Bank alleges that it is a federally chartered savings

bank.  Sovereign Bank has a principal place of business and home office located in Wyomissing,

Pennsylvania. (*See* Ex. A ¶ 1). Therefore, for purposes of this Court's diversity jurisdiction, Sovereign Bank is a citizen of Pennsylvania

4.      Terwin Employees is a Delaware limited liability company with twelve members. (*See* Ex. B, Decl. Richard Chun ¶ 3). Those members are persons who are domiciled in California, New Jersey and New York. (*Id.*). Specifically, the members of Terwin Employees are Kimberly Maska and Patrick Doyle who are citizens of California; Christopher Consoli, Barbara Chell, Gerald Casey, and James Sauer who are citizens of New Jersey; and Richard Winter, Thomas Guba, Karey Geddes, Alex Hendrickson, Robert Sypher, and John Tartaglia who are citizens of New York. (*Id.*). Therefore, for purposes of this Court's diversity jurisdiction, Terwin Employees is a citizen of California, New Jersey, and New York.

5.      Terwin Holdings is a Delaware limited liability company with two members: Terwin Employees, and Lexia Yugen Sekinin Jigyo Kumiai ("Lexia"), a Japanese limited liability partnership. (*Id.* ¶ 2). As set forth above, the members of Terwin Employees are persons who are domiciled in California, New Jersey and New York. (*Id.* at ¶ 4). Those partners that constitute Lexia are Shinsei Bank and Shinsei Trust, Japanese banking entities with principal places of business in Japan. (*Id.*). Therefore, for purposes of this Court's diversity jurisdiction, Terwin Holdings is a citizen of California, New Jersey, New York, and Japan.

6.      Sovereign Bank alleges, among other things, that Terwin Holdings and Terwin Employees are "jointly and severally liable to Sovereign [Bank], in an amount to be determined at trial, but not less than $43,428,781.19, plus accruing interest and expenses" (*See* Ex. A ¶ 42). Accordingly, the amount in controversy in this action exceeds $75,000, exclusive of interest and costs.

7.    Accordingly, this Court has original jurisdiction over this action, pursuant to 28 U.S.C. § 1332, because the dispute is between citizens of different states, and because the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

8.    This notice is being filed within 30 days of January 25, 2008, the date on which Terwin Employees and Terwin Holdings first learned of this action.

9.    In accordance with 28 U.S.C. § 1446(d), Terwin Employees and Terwin Holdings have given contemporaneous written notice of this Notice of Removal to all parties and to the Prothonotary of the Superior Court of the State of Delaware in and for New Castle County. (*See* Ex. C, Notice of Filing of Notice of Removal.)

WHEREFORE, Terwin Employees LLC and Terwin Holdings LLC respectfully request that this Court assume jurisdiction of this action and enter such other and further orders as may be necessary to accomplish the requested removal and promote the ends of justice.

Dated: February 13, 2008

Joseph J. Bellew (#4816)
David A. Felice (#4090)
Cozen O'Connor
1201 North Market Street, Suite 1400
Wilmington, DE  19801
Telephone:  (302) 295-2000
Facsimile:  (302) 295-2013
*Attorneys for Defendants*
*Terwin Employees LLC and Terwin Holdings LLC*

*Of Counsel*:

William J. Taylor, Esquire
John C. Barnoski, Esquire
Stuart A. Weiss, Esquire
Cozen O'Connor
1900 Market Street
Philadelphia, PA   19103
Telephone:  (215) 665-2000
Facsimile:  (215) 665-2013

# EXHIBIT A

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

SOVEREIGN BANK,
                      Plaintiff,

              v.

TERWIN HOLDINGS LLC and
TERWIN EMPLOYEES LLC,

                 Defendants.

C.A. No.

**NON-ARBITRATION**

**COMPLAINT**

## COMPLAINT

    Plaintiff, Sovereign Bank ("**Sovereign**" or "**Plaintiff**"), by and through its undersigned attorneys, hereby complains of Defendants, Terwin Holdings LLC ("**Holdings**") and Terwin Employees LLC ("**Employees**") (collectively, "**Defendants**"), as follows:

### Jurisdiction and Venue

    1.  Sovereign is a federally chartered savings bank with its principal place of business located at 1130 Berkshire Boulevard, Wyomissing, Pennsylvania 19610.

    2.  Holdings is a Delaware limited liability company and may be served with process through its registered agent in Delaware, Registered Agent Solutions, Inc., 32 W. Loockerman St., Suite 201, Dover, Delaware 19904.

    3.  Employees is a Delaware limited liability company and may be served with process through its registered agent in Delaware, Registered Agent Solutions, Inc., 32 W. Loockerman St., Suite 201, Dover, Delaware 19904.

    4.  Jurisdiction and venue are proper in this Court.

1

## Nature of the Case

5. Notwithstanding the complexity of the underlying transactions at issue, this is a straightforward breach of contract case.

6. As set forth below, Defendants are guarantors and sureties with regard to a binding written agreement entered into by and between Sovereign and Terwin Advisors LLC ("**Advisors**").

7. Advisors has materially breached its agreement with Sovereign and owes Sovereign in excess of $43,000,000, plus contractually agreed upon interest and attorneys' fees.

8. As a result of their Guaranty and Suretyship agreements with Sovereign, Defendants herein are jointly and severally liable to Sovereign for an amount in excess of $43,000,000, plus contractually agreed-upon interest and attorneys' fees.

## Facts

## Master Repurchase Agreement

9. On March 31, 2004, Sovereign and Advisors entered into a Master Repurchase Agreement.

10. The Master Repurchase Agreement has been amended six times. The Master and Repurchase Agreement, as amended, shall be referred to hereinafter as the "**Agreement.**"

11. The Agreement memorialized a master repurchase facility, whereby Sovereign agreed to periodically buy from Advisors, and Advisors agreed to periodically sell to Sovereign, certain "Purchased Assets," including, initially, mortgage loans, and later, mortgage loans and related securities, which Advisors would subsequently repurchase at prices certain on dates certain, pursuant to the Agreement.

2

12. Section 5(f) of the Agreement, as amended in May 2007, provides: "Seller agrees to repurchase the Purchased Assets on the Repurchase Date at the Repurchase Price."

13. Section 12 of the Agreement provides that Sovereign and Advisors each has the rights set forth in Section 13 if any of several Events of Default occurs. Among other things, Section 12 provides that Advisor's default in the payment of any Repurchase Price due constitutes an Event of Default.

14. Section 13 of the Agreement generally sets forth the Remedies of the parties following an Event of Default. Among other things, Section 13(a)(2) makes Advisors' obligations to repurchase any purchased assets immediately due and payable, and that section, along with Section 13(d), provides that interest shall accrue at a Post-Default Rate.

15. The Agreement provides that Advisors shall be liable to Sovereign, "payable as and when incurred by [Sovereign], for (A) the amount of all actual out-of-pocket expenses, including reasonable legal or other expenses incurred by [Sovereign] in connection with or as a consequence of an Event of Default, and (B) all direct costs incurred in connection with hedging or covering transactions." Agreement § 13(a)(6).

16. Sovereign may enforce its rights and remedies under the Agreement without prior judicial process or hearing, and Advisors expressly waived any defenses it might otherwise have to require Sovereign to enforce its rights by judicial process. Agreement § 13(c).

### Guaranty and Suretyships

17. In March 2004, Sovereign entered into substantially identical Guaranty and Suretyship agreements with Holdings and Employees ("**Holdings and Employees Guaranty and Suretyship**"). Under the Holdings and Employees Guaranty and Suretyship, Holdings and Employees "irrevocably and unconditionally jointly and severally" guaranteed and became

3

sureties to Sovereign for "the prompt payment when due, whether by acceleration or otherwise, of [Advisors'] liabilities." Holdings and Employees Guaranty and Suretyship § 2.1.

18. Under § 2.4 of the Holdings and Employees Guaranty and Suretyship, Holdings and Employees waived: notice of acceptance of the Guaranty, notice of the creation of any of Advisors' Liabilities, presentment, demand for payment, protest, notice of dishonor, notice of nonpayment of any of Advisors' Liabilities, notice of suit or any other action by Sovereign against Advisors and/or the Guarantor, and any other notice to Advisors and/or the Guarantor.

19. Section 5.1 of the Holdings and Employees Guaranty and Suretyship provides:

> 5.1 <u>Events of Default</u>. The occurrence of any one or more of the following shall be deemed an Event of Default hereunder:
>
> (a)    The occurrence of an Event of Default under and as defined in Section 12 of the Master Repurchase Agreement.
>
> (b)    Failure by the Guarantor to pay any monies due under this Guaranty upon demand by [Sovereign].
>
> (c)    Failure by the Guarantor to observe or perform any other covenant, condition, term, or provision contained in this Guaranty, if such failure continues for a period of ten (10) days or more after written notice from [Sovereign].

20. Sections 5.2(a) and (d) of the Holdings and Employees Guaranty and Suretyship provides:

> 5.2 <u>Remedies</u>. Upon the occurrence of an Event of Default:
>
> (a) [Sovereign] may, at its option and upon notice to [Advisors] or the Guarantor, make [Advisors'] liabilities, whether or not then due, immediately due and payable under this Guaranty as to the Guarantor and [Sovereign] shall be entitled to enforce [Advisors'] Liabilities against the Guarantor;

4

(d)    [Sovereign] may exercise any of its rights and remedies provided by this Agreement, any of the Repurchase Documents or the laws of the Commonwealth of Pennsylvania or any other jurisdiction....

21.  Section 5.3 of the Holdings and Employees Guaranty and Suretyship provides:

[Sovereign]'s Expenses.  The Guarantor shall pay to [Sovereign] all reasonable costs and expenses, including filing fees and reasonable attorneys' fees, incurred by [Sovereign] in connection with the custody, care, preservation or collection of any of the Property, or in any proceedings to collect any of the Guarantor's Liabilities.

22.  The parties waived the right to a trial by jury.  Holdings and Employees Guaranty and Suretyship § 6.12.

## Transactions

23.  On June 19, 2007, July 2, 2007, and August 22, 2007, Sovereign purchased mortgage loans from Advisors pursuant to the Agreement ("**Transactions**").

24.  The Repurchase Date for the assets purchased in connection with the Transactions ("**Purchased Assets**") was on or before September 14, 2007.

25.  On September 14, 2007, Sovereign and Advisors agreed to extend the Repurchase Date for the Purchased Assets to on or before December 13, 2007.

26.  In October, 2007, some of the purchased mortgage loans were securitized, and in November, 2007, the parties amended the Agreement to include within the definition of "Purchased Assets" the securities issued to Sovereign in connection with the securitization.

## Event of Default

27.  On November 26, 2007, in a letter to Advisors, Sovereign agreed for the present to forbear from declaring Events of Default by Advisors for, among other things, failing to repurchase the Purchased Assets at the agreed-upon Repurchase Price on the agreed-upon and

5

extended Repurchase Date, and likewise agreed to forbear for the present from pursuing Sovereign's resulting remedies against Advisors, but reserved the right to declare such Events of Default and to pursue all available remedies under the Agreement.

28. On December 13, 2007, *i.e.*, the agreed-upon and extended Repurchase Date, Advisors failed to repurchase the Purchased Assets at the agreed-upon Repurchase Price.

29. On December 18, 2007, Sovereign gave written notice to Advisors that it was declaring an Event of Default under the Agreement because of Advisors' failure to repurchase the Purchased Assets on the agreed-upon and extended Repurchase Date at the Repurchase Price.

30. On January 3, 2008, Sovereign gave written notice to Advisors, with copies sent to Holdings and Employees, that if an acceptable agreement concerning the proposed restructuring were not reached by January 10, 2008, Sovereign intended to exercise some or all of its rights and remedies under the Repurchase Documents and otherwise under applicable law, against, among others, Advisors, Holdings and Employees.

31. Sovereign and Advisors did not reach an acceptable agreement concerning the proposed restructuring by January 10, 2008.

32. Advisors presently owes Sovereign $43,428,781.19, plus accruing interest and expenses, including attorneys' fees.

33. Sovereign has demanded payment.

34. Sovereign is ready, willing and able to perform all of its obligations under the Agreement.

35. To date, Advisors has failed to pay Sovereign as required by the Agreement.

6

## COUNT 1: BREACH OF CONTRACT

36.  Plaintiff hereby incorporates paragraphs 1 through 35 of this Complaint as if fully restated herein.

37.  Sovereign and Advisors entered into a binding, written Agreement.

38.  Advisors materially breached the Agreement by failing to pay Sovereign the agreed-upon repurchase price for the purchased assets on the agreed-upon and extended Repurchase Date.

39.  Advisors is in default under Section 12 of the Agreement.

40.  Sovereign declared an Event of Default and gave all requisite notice under Sections 12 and 13 the Agreement.

41.  Holdings and Employees also entered into binding, written Guaranty and Suretyship agreements with Sovereign.

42.  As guarantors and sureties for the prompt payment when due of Advisors' liabilities pursuant to the Holdings and Employees Guaranty and Suretyship agreements, Holdings and Employees are jointly and severally liable to Sovereign, in an amount to be determined at trial, but not less than $43,428,781.19, plus accruing interest and expenses.

WHEREFORE, Plaintiff Sovereign Bank prays for relief against Defendants Terwin Holdings LLC and Terwin Employees LLC as follows:

    (a)    That the Court enter judgment against Terwin Holdings LLC and Terwin Employees LLC, holding them jointly and severally liable to Sovereign, pursuant to the Holdings and Employees Guaranty and Suretyship agreements;

    (b)    That the Court award compensatory and consequential damages to Sovereign in an amount to be determined at trial, but not less than the Repurchase Price plus interest thereon at the Post-Default Rate, pursuant to Sections 13(a)(2) and 13(d) of the Agreement, pursuant

7

to the Holdings and Employees Guaranty and Suretyship agreements;

(c) That the Court award all actual out-of-pocket expenses incurred by Sovereign, including reasonable legal or other expenses, and any other costs recoverable under the Agreement, in connection with or as a consequence of Advisors' breach, pursuant to Section 13(a)(6) of the Agreement, pursuant to the Holdings and Employees Guaranty and Suretyship agreements;

(d) That the Court award pre-judgment and post-judgment interest to Sovereign, as permitted by law, in addition to the default interest provided in the Agreement, pursuant to the Holdings and Employees Guaranty and Suretyship agreements; and

(e) That the Court award such other, additional and separate relief as the case may require and/or that the Court may deem just and proper under the circumstances.

STEVENS & LEE, P.C.

Dated: January 25, 2008          By: /s/ Joseph H. Huston, Jr.
                                     Joseph H. Huston, Jr. (No. 4035)
                                     Joseph Grey (No. 2358)
                                     1105 N. Market Street, Suite 700
                                     Wilmington, Delaware 19801
                                     Telephone: (302) 425-3310
                                     Facsimile: (610) 371-7972
                                     Email: jhh@stevenslee.com

                                     and

                                     Charles J. Bloom
                                     Neil C. Schur
                                     Stevens & Lee, P.C.
                                     1818 Market Street, 29th Floor
                                     Philadelphia, Pennsylvania  19103
                                     Telephone: (215) 751-1944
                                     Facsimile: (610) 371-7956
                                     Email: cjb@stevenslee.com
                                            ncsc@stevenslee.com

                                Attorneys for Plaintiff Sovereign Bank

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

SOVEREIGN BANK,  :
             Plaintiff,  :    C.A. No.
                    :
                    :
        v.          :    **NON-ARBITRATION**
                    :
TERWIN HOLDINGS LLC and  :
TERWIN EMPLOYEES LLC,  :
                    :
           Defendants.  :

## PRAECIPE FOR WRIT OF SUMMONS

TO THE PROTHONOTARY:

      Kindly issue writ of summons for the complaint in this matter and direct the Sheriff of

Kent County, Delaware to serve the writ of summons on the defendants as follows:

Terwin Holdings LLC               Terwin Employees LLC
c/o Registered Agent Solutions, Inc.    c/o Registered Agent Solutions, Inc.
32 W. Loockerman St.            32 W. Loockerman St.
Suite 201                   Suite 201
Dover, DE 19904              Dover, DE 19904

                        STEVENS & LEE, P.C.

Dated: January 25, 2008        By: /s/ Joseph H. Huston, Jr.
                        Joseph H. Huston, Jr. (No. 4035)
                        Joseph Grey (No. 2358)
                        1105 N. Market Street, Suite 700
                        Wilmington, Delaware 19801
                        Telephone: (302) 425-3310
                        Facsimile: (610) 371-7972
                        Email: jhh@stevenslee.com

                        and

                        Charles J. Bloom
                        Neil C. Schur
                        1818 Market Street, 29th Floor
                        Philadelphia, Pennsylvania 19103
                        Telephone: (215) 751-1944
                        Facsimile: (610) 371-7956
                        Email: cjb@stevenslee.com
                            ncsc@stevenslee.com

              Attorneys for Plaintiff Sovereign Bank

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

SOVEREIGN BANK,                    :
                   Plaintiff,      :     C.A. No.
                                   :
                                   :     **NON-ARBITRATION**
                                   :
            v.                     :
                                   :
TERWIN HOLDINGS LLC and            :
TERWIN EMPLOYEES LLC,              :
                                   :
                   Defendants.     :

### SUMMONS

**THE STATE OF DELAWARE,**
**TO THE SHERIFF OF KENT COUNTY**
**YOU ARE COMMANDED:**

To summon the above-named Defendant, Terwin Holdings LLC, so that, within 20 days after service hereof upon plaintiff, exclusive of the day of service, Defendant shall serve upon **JOSEPH H. HUSTON, JR.**, plaintiff's attorney, whose address is Stevens & Lee, 1105 North Market Street, Suite 700, Wilmington, DE 19801, an answer to the complaint.

Dated:_____          Prothonotary


                                         _____
                                         Per Deputy


**TO THE ABOVE NAMED DEFENDANT:  DEFENDANT TERWIN HOLDINGS LLC**

In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on plaintiff's attorney named above an answer to the complaint, and, if an affidavit of demand has been filed, an affidavit of defense, judgment by default will be rendered against you for the relief demanded in the complaint, or in the affidavit of demand, if any.

                                         Prothonotary


                                         _____
                                         Per Deputy


SL1 779475v1/008370.00745

EFiled: Jan 25 2008 3:19[...]EST
Transaction ID 18270875
Case No. 08C-01-255 JRS

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| SOVEREIGN BANK, | : | |
| Plaintiff, | : | C.A. No. |
| | : | |
| v. | : | **NON-ARBITRATION** |
| | : | |
| TERWIN HOLDINGS LLC and | : | |
| TERWIN EMPLOYEES LLC, | : | |
| | : | |
| Defendants. | : | |

### CERTIFICATION OF VALUE

I, Joseph H. Huston, Jr., attorney for plaintiff, hereby certify in good faith at this time in my opinion that the sum of damages of plaintiff is in excess of $100,000.00, exclusive of costs and interest.

STEVENS & LEE, P.C.

Dated: January 25, 2008

By: /s/ Joseph H. Huston, Jr.
Joseph H. Huston, Jr. (No. 4035)
1105 N. Market Street, Suite 700
Wilmington, Delaware 19801
Telephone: (302) 425-3310
Facsimile: (610) 371-7972
Email: jhh@stevenslee.com

*Attorneys for Sovereign Bank*

SL1 779475v1/008370.00745

EFiled: Jan 25 2008 3:19PM EST
Transaction ID 18270875
Case No. 08C-01-255 JRS

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
### IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| SOVEREIGN BANK, | : | |
| Plaintiff, | : | C.A. No. |
| | : | |
| | : | **NON-ARBITRATION** |
| | : | |
| v. | : | |
| | : | |
| TERWIN HOLDINGS LLC and | : | |
| TERWIN EMPLOYEES LLC, | : | |
| | : | |
| Defendants. | : | |

### SUMMONS

THE STATE OF DELAWARE,
TO THE SHERIFF OF KENT COUNTY
YOU ARE COMMANDED:

　　　To summon the above-named Defendant, Terwin Employees LLC , so that, within 20 days after service hereof upon plaintiff, exclusive of the day of service, Defendant shall serve upon **JOSEPH H. HUSTON, JR.**, plaintiff's attorney, whose address is Stevens & Lee, 1105 North Market Street, Suite 700, Wilmington, DE 19801, an answer to the complaint.

Dated: _2/5/08_

Prothonotary

Per Deputy

**TO THE ABOVE NAMED DEFENDANT: DEFENDANT TERWIN EMPLOYEES LLC**

　　　In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on plaintiff's attorney named above an answer to the complaint, and, if an affidavit of demand has been filed, an affidavit of defense, judgment by default will be rendered against you for the relief demanded in the complaint, or in the affidavit of demand, if any.

Prothonotary

Per Deputy

SL1 779475v1/008370.00745

# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SOVEREIGN BANK | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| TERWIN HOLDINGS LLC and | : |
| TERWIN EMPLOYEES LLC. | : |
| | : |
| Defendants. | : |

### DECLARATION OF RICHARD CHUN

1.     I, Richard Chun, am an adult individual. I am General Counsel of Terwin Holdings LLC ("Terwin Holdings") and Terwin Employees LLC ("Terwin Employees"). I make this declaration based upon my personal knowledge and my inquiry, in my capacity as General Counsel, concerning the matters set forth herein.

2.     Terwin Holdings is a Delaware limited liability company with two members: Terwin Employees and Lexia Yugen Sekinin Jigyo Kumiai.

3.     Terwin Employees is a Delaware limited liability company with twelve members. Specifically, to the best of my knowledge after inquiry, the members of Terwin Employees are Kimberly Maska and Patrick Doyle who are citizens of California; Christopher Consoli, Barbara Chell, Gerald Casey, and James Sauer who are citizens of New Jersey; and Richard Winter, Thomas Guba, Karey Geddes, Alex Hendrickson, Robert Sypher, and John Tartaglia who are citizens of New York.

4.    To the best of my knowledge after inquiry, (a) Lexia Yugen Sekinin Jigyo Kumiai is a Japanese limited liability partnership composed of Shinsei Bank and Shinsei Trust, and (b) Shinsei Bank and Shinsei Trust are Japanese banking entities with principal places of business in Japan and, as such, citizens of a foreign state.

5.    I declare under penalty of perjury that the foregoing is true and correct.  Executed on February 13, 2008.

_____
Richard Chun

# EXHIBIT C

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

SOVEREIGN BANK,                        :
                                       :
          Plaintiff,                   :
                                       :
     v.                                :
                                       :
TERWIN HOLDINGS LLC and                :     C.A. No. 08C-01-255-JRS
TERWIN EMPLOYEES LLC,                  :
                                       :
          Defendants.                  :

## NOTICE OF FILING NOTICE OF REMOVAL OF CIVIL ACTION

TO:    Prothonotary
       Superior Court of the State of Delaware
       New Castle County Courthouse
       500 North King Street
       Wilmington, DE 19801

       PLEASE TAKE NOTICE that on February 13, 2008, Defendants Terwin Holdings LLC

and Terwin Employees LLC, filed with the Clerk of the United States District Court for the

District of Delaware a Notice of Removal, a true copy of which is attached hereto and served

upon all parties of record.

Dated: February 13, 2008              _____
                                      Joseph J. Bellew (#4816)
                                      David A. Felice (#4090)
                                      Cozen O'Connor
                                      1201 North Market Street, Suite 1400
                                      Wilmington, DE 19801
                                      Telephone: (302) 295-2000
                                      Facsimile: (302) 295-2013
                                      *Attorneys for Defendants*
                                      *Terwin Employees LLC and Terwin Holdings LLC*

*Of Counsel*:

William J. Taylor, Esquire
John C. Barnoski, Esquire
Stuart A. Weiss, Esquire
Cozen O'Connor
1900 Market Street
Philadelphia, PA   19103
Telephone:  (215) 665-2000
Facsimile:  (215) 665-2013

## CERTIFICATE OF SERVICE

I, David A. Felice, do hereby certify that on February 13, 2008, a true and correct copy of

the foregoing were caused to be served upon counsel of record in the manner indicated:

> *Via LexisNexis File & Serve*
> James H. Huston, Jr., Esquire
> Joseph Grey, Esquire
> Stevens & Lee, P.C.
> 1105 N. Market Street, Suite 700
> Wilmington, Delaware 19801
>
> *Via LexisNexis File & Serve*
> Charles J. Bloom, Esquire
> Neil C. Schur, Esquire
> Stevens & Lee, P.C.
> 1818 Market Street, 29th Floor
> Philadelphia, Pennsylvania 19103
>
> *Attorneys for Plaintiff Sovereign Bank*

David A. Felice (#4090)

## CERTIFICATE OF SERVICE

I, David A. Felice, do hereby certify that on February 13, 2008, I caused a true and correct copy of the foregoing to be served upon the following parties via the manners indicated:

*Via First Class Mail*
James H. Huston, Jr., Esquire
Joseph Grey, Esquire
Stevens & Lee, P.C.
1105 N. Market Street, Suite 700
Wilmington, Delaware 19801

*Via First Class Mail*
Charles J. Bloom, Esquire
Neil C. Schur, Esquire
Stevens & Lee, P.C.
1818 Market Street, 29th Floor
Philadelphia, Pennsylvania 19103

*Attorneys for Plaintiff Sovereign Bank*

David A. Felice (#4090)

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THIS FORM.)

| **I. (a) PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| SOVEREIGN BANK | TERWIN HOLDINGS LLC and TERWIN EMPLOYEES LLC |

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF New Castle County, Delaware
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
James H. Huston, Jr./Joseph Grey, Stevens & Lee, P.C., 1105 N. Market Street, Suite 700, Wilmington, DE 19801
(302) 654-5180

ATTORNEYS (If Known)
David A. Felice, Cozen O'Connor , Chase Manhattan Centre, 1201 North Market Street, Suite 1400, Wilmington, DE  19801
(302) 295-2000

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question
(U.S. Government Not a Party)

☒ 4 DIVERSITY
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                              and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☒ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury-- Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury-- Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☒ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 530 General | | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other | | | |
| | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding

☒ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

(Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. §§ 1332, 1441, and 1446

Brief description of cause:
Breach of contract

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $43,428,781.19

Check YES only if demanded in complaint:
JURY DEMAND:  ☐ YES  ☒ NO

## VIII. RELATED CASES(S) IF ANY

(See instructions):  JUDGE _____  DOCKET NUMBER _____

DATE
February 13, 2008

SIGNATURE OF ATTORNEY OF RECORD
_David A. Felice_

**FOR OFFICE USE ONLY**

RECEIPT# _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____